United States District Court
Southern District of Texas
**ENTERED**
November 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SAIYAD VALI KAREDIYA,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00245** |
| | § | |
| **BRET A. BRADFORD, ET AL.,** | § | |
| | § | |
| ***Respondents*.** | § | |

# MEMORANDUM OPINION AND ORDER GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Petitioner Saiyad Vali Karediya's Petition for Writ of Habeas Corpus. (Dkt. 1). In response, the Government moves to dismiss Karediya's petition on exhaustion grounds, and, in the alternative, moves for summary judgment. (Dkt. 9 at 1–3 and 6).[1] Because the Court finds Karediya is subject to mandatory detention under 8 U.S.C. § 1225(b) and his due process claims are foreclosed by Fifth Circuit precedent, the Court **GRANTS** the Government's motion for summary judgment, (Dkt. 9), and **DENIES** Karediya's petition. (Dkt. 1). The Court further **DENIES as moot** any remaining pending motions.

---

[1] Markwayne Mullin, the current Secretary of the Department of Homeland Security, Todd Blanche, the current United States Attorney General, are automatically substituted for Defendants Kristi Noem and Pamela Bondi under Federal Rule of Civil Procedure 25(d). Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]").

## I. BACKGROUND

Karediya, a citizen of India, entered the United States on June 13, 2023. (Dkt. 1 at 2). Karediya was subsequently released on parole. *Id.* Immigration officials issued Karediya a Notice to Appear on October 15, 2023, placing him in removal proceedings. (Dkt. 9-2). Karediya was re-detained by immigration officials on December 23, 2025. (Dkt. 1 at 2).

Karediya was later ordered removed from the United States. *Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 16, 2026). His removal order is not yet final because he filed an appeal to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* Karediya is currently in immigration custody as an applicant for admission to the United States. *See generally* (Dkts. 1; 9).

Karediya asserts that his detention without a bond hearing under 8 U.S.C. § 1225(b) violates his Fifth Amendment procedural due process rights. (Dkt. 1 at 6–9). In response, the Government moves to dismiss Karediya's petition for failure to exhaust his administrative remedies prior to filing his petition. (Dkt. 9 at 3). In the alternative, the Government moves for summary judgment on Karediya's due process claim and contends he is subject to mandatory detention under Section 1225(b) as an "applicant for admission," which requires mandatory detention during removal proceedings. (Dkt. 9 at 3–6).

## II. LEGAL STANDARD

### A. Habeas Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Under 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including those in immigration detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). "A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *2 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.) (citations omitted) (citation modified). "If a district court entertains a *habeas* petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citations omitted); *see also* 28 U.S.C. § 2243.

### B. Summary Judgment Standard

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Rule 56 states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. DISCUSSION

### A. Failure to Exhaust Administrative Remedies Does Not Defeat Jurisdiction

At the outset, the Government requests that the Court dismiss Karediya's habeas petition because "[he] has not had a hearing before an immigration judge and has thus failed to exhaust administrative remedies." (Dkt. 9 at 3) (first citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994), then citing *Abdoulaye Ba v. Dir. of Detroit Field Off., ICE*, No. 4:25-CV-02208, 2025 WL 2977712, at *2 (N.D. Ohio Oct. 22, 2025) (Calabrese, J.)). In response, Karediya contends no statutory requirement for exhaustion exists for habeas petitions brought under 28 U.S.C. § 2241 challenging immigration detention. (Dkt. 15 at 2).

While persons seeking habeas relief typically must first exhaust available administrative remedies, *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018), the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 736–37, n.1 (N.D. Tex. 2026) (Hendrix, J.); *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *6 (S.D. Tex. Oct. 3, 2025) (Kazen, J.). Recent district court decisions have found that exhaustion would be "an exercise in futility" where the BIA has previously issued binding precedent adverse to the petitioner's statutory claim, such that there is little prospect the BIA would reconsider its position. *Calderon Lopez*, 814 F. Supp. 3d at 737, n.1. Additionally, other courts have held there is no further requirement to exhaust administrative remedies when a petitioner challenges detention procedures on constitutional grounds. *Lopez-Arevelo v. Ripa*, 801 F. Supp.

3d 668, 681 (W.D. Tex. 2025) (Cardone, J.); *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-773, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025) (Pulliam, J.).

Because "[n]othing in the record suggests that the BIA would reconsider [the *Hurtado* decision], given its recency," Karediya's "failure to appeal in these circumstances [is not] counted as an impermissible failure to exhaust administrative remedies." *Cabanas*, 2025 WL 3171331, at *3. The Court finds administrative exhaustion in this context would be futile and does not preclude consideration of Karediya's habeas petition. As such, the Government's motion to dismiss for failure to exhaust is **DENIED**. (Dkt. 9).

### B. Karediya is Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

As an applicant for admission, Karediya is subject to mandatory detention. Further, his detention under 8 U.S.C. § 1225(b)(2) is legal. In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), the Fifth Circuit held that an alien present in the United States who has not been admitted is both an "applicant for admission" and deemed to be "seeking admission," and that such aliens are thus subject to mandatory detention under Section 1225(b)(2)(A).

To the extent Karediya contends he is not subject to mandatory detention on statutory grounds, the Court finds that argument is foreclosed by Section 1225(b) and the *Buenrostro-Mendez* decision. Karediya is an alien present in the United States who entered the country unlawfully without being admitted. (Dkts. 1; 9). An alien "present in the United States who has not been admitted" is, by definition, "an applicant for admission." 8 U.S.C. § 1225(a)(1). And *Buenrostro-Mendez* holds that an

"applicant for admission" is necessarily someone who is "seeking admission" for purposes of Section 1225(b)(2)(A). 166 F.4th at 502. Because Karediya does not contend he is "clearly and beyond a doubt entitled to be admitted," he is subject to mandatory detention under Section 1225(b)(2)(A). Karediya's petition is **DENIED** on these grounds.

### C. KAREDIYA'S DETENTION DOES NOT VIOLATE DUE PROCESS

Karediya is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), which does not violate due process. Since the filing of Karediya's petition, the Fifth Circuit has held that subjecting an alien to detention under Section 1225(b)(2)(A), without an individualized bond hearing, does not violate an alien's procedural or substantive due process rights. *Sosnava Rodriguez v. Vergara*, --- F.4th ---, No. 26-50183, 2026 WL 3181188, at *5, *10, *13 (5th Cir. Oct. 23, 2026) (en banc). In assessing detention pending the conclusion of removal proceedings for aliens who have never been lawfully admitted, including Karediya, the court recognized that procedural due process does not require additional proceedings beyond those Congress provided before detention under Section 1225(b)(2)(A). *Id.* at *5.

For aliens that are not yet lawfully admitted, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress *are* due process of law." *Id.* (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020)) (emphasis in original). "Any assertion of a fundamental right to freedom pending removal proceedings fails." *Id.* at *11. "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without [a] bond hearing does not offend due process." *Id.* at *13 (citing

*Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)). This decision forecloses the due process claims asserted in Karediya's petition. (Dkt. 1). Accordingly, the Court **DENIES** Karediya's petition.

## IV. CONCLUSION

Because Karediya is not entitled to relief on his due process claims, the Court **DENIES** Karediya's petition, (Dkt. 1), **GRANTS** the Government's Motion for Summary Judgment, (Dkt. 9), and **DISMISSES with prejudice** Karediya's claims.

It is SO ORDERED.

Signed this 18th of November, 2026.

ANGELA V. COLMENERO
**UNITED STATES DISTRICT JUDGE**